60 So.2d 382

## OTT v. STATE.

### 8 Div. 32.

Court of Appeals of Alabama.

Aug. 5, 1952.

Rehearing Denied Aug. 26, 1952.

Brown, Scott & Dawson, Scottsboro, for appellant.

532

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., and Maury D. Smith, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant has been found guilty of assault with intent to murder J. P. Haywood.

The evidence presented by the State tends to show that Haywood, an investigator for the State Alcoholic Beverage Control Board, upon request, accompanied Mr. A. J. Knight, a deputy sheriff of Jackson County, to appellant's house for the purpose of searching the premises. The officers were acting under a search warrant authorizing a search of the premises for prohibited beverages.

The officers entered the house, and hearing some one in an adjoining room Mr. Knight called out loudly "Breeland, this is Knight and a State officer. We have a search warrant."

Thereupon the appellant slightly opened a door into the room and fired a pistol between the two officers. They returned the fire, and retreated to the yard where they took cover behind trees. Thereafter a considerable amount of firing between the officers and the appellant took place. When their ammunition was exhausted the officers left. The appellant, who was wounded, then left the house and was arrested several days later.

During his cross examination the appellant testified that during the shooting he had fired his pistol six times, and his rifle sixteen times, that is until each gun was emptied, and that he had not fired between 75 and 100 times. He further denied that any whiskey had been poured on the dirt floor in the house prior to his departure.

In rebuttal to this testimony Mr. Knight was permitted to testify, over defendant's objection, that when he returned to the house about two hours after the shooting he found between 75 and 100 empty rifle cartridge shells in the house, and also a damp area on the dirt floor which in his judgment resulted from whiskey being poured there.

■ The court's ruling in the premises was correct. The officer was properly permitted to testify as to anything he found at the scene of the alleged offense which was material thereto and tended to shed light thereon. The probative value of such evidence was for the jury. Dodd v. State, 32 Ala.App. 504, 27 So.2d 259, and cases therein cited. Nor did the testimony as to the damp spot on the dirt floor resulting from whiskey being poured thereon become inadmissible because it may have tended to show the commission of another offense. It tended to contradict the appellant in a portion of his testimony, and it was relevant to the issues as shedding light on the appellant's intent and motive under the circumstances, and tended to prove his guilt of the crime charged. See Alabama Digest, Criminal Law, ☞369(2) (3) for innumerable cases enunciating the above principles.

■ The written charges requested by the appellant, which were refused, were refused without error since they were either covered in the court's oral charge, or were affirmative in nature.

■ The evidence presented by the State is ample in its tendencies to support the verdict and judgment. No error probably injurious to the substantial rights of this appellant infect this record. This cause is therefore due to be affirmed.

Affirmed.